Prob 12C
(Rev. 3/95 D/HI)

ORIGINAL

**SEALED BY ORDER OF THE COURT**
United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 9 2007

at 12 o'clock and 35 min. PM
SUE BEITIA, CLERK

U.S.A. vs. JAY ABREGANA                            Docket No. CR 01-00380HG-01

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

    COMES NOW ROBIN L. DeMELLO, SENIOR PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Jay Abregana who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 25th day of March 2002, who fixed the period of supervision at 3 years as to Count 1 of the Indictment and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

4. That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the internet, and shall not frequent places where the internet is available for public use without the prior approval of the Probation Office.

5. That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and internet services without the prior approval of the Probation Office.

6. That the defendant shall submit his person, residence, place of employment, vehicle, computer disks, and other electronic storage media to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a

SEALED
BY ORDER OF THE COURT

search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

7. That the defendant may change his residence only with the advance approval of the Probation Office.

8. That the defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material or entertainment is available.

9. That the defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 without the approval of the Probation Office. The defendant shall not have contact with his son except in the presence of an adult who is aware of the nature of the defendant's offense as approved by the Probation Office.

10. That the defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

11. That the defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Office.

12. That the defendant provide the Probation Office access to any requested financial information.

On 6/14/2005, the Court revoked the subject's supervised release and found that the subject had violated the following conditions:

1. The subject refused to report for drug testing on 1/25/2005, 3/2/2005, 4/25/2005, and 5/25/2005.

2. The subject failed to report for sex offender treatment on 1/26/2005.

3. The subject failed to truthfully answer questions posed by the Probation Officer on 2/22/2005 and 5/17/2005.

4. The subject admitted he used methamphetamine on 2/20/2005.

5. The subject admitted that he had sexual contact with a minor in April 2005.

The Court ordered an imprisonment term of twenty (20) months to be followed by sixteen (16) months supervised release. The following special conditions were ordered:

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to

refrain from the possession and/or use of alcohol while participating in substance abuse treatment. The defendant shall abstain from alcohol while on supervised release.

2. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

3. That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the internet, and shall not frequent places where the internet is available for public use without the prior approval of the Probation Office.

4. That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and internet services without the prior approval of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle, computer discs, and other electronic storage media to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. The defendant may change his residence only with the advance approval of the Probation Office. If the defendant changes his residence without the prior approval of the Probation Office, the defendant shall be brought before the court.

7. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material or entertainment is available.

8. That the defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 without the approval of the Probation Office. The defendant shall not have contact with his son except in the presence of an adult who is aware of the nature of the defendant's offense as approved by the Probation Office.

9. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

Prob 12C
(Rev. 3/95 D/HI)

4

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release as follows (Judgment attached) as follows::

1. On 12/12/2006, the subject refused to comply with drug testing, in violation of Special Condition No. 1.

2. The subject possessed and accessed a laptop computer that has access to internet services and electronic mail, in violation of Special Condition Nos. 3 and 4.

3. The subject viewed pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), in violation of Special Condition No. 7.

4. The subject had contact with children under the age of 18 without the approval of the Probation Office.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    3/19/2007

ROBIN L. DeMELLO
Senior U.S. Probation Officer

Approved by:

ELIZABETH A. KERWOOD
Deputy Chief U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

5

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 19th day of March, 2007, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:     **ABREGANA, Jay**
        **Criminal No. CR 01-00380HG-01**
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The subject's first term of supervised release was revoked on 6/14/2005. The Court found he had violated the conditions of supervision by refusing to report for drug testing, failing to participate in sex offender treatment, being untruthful, using methamphetamine, and having sexual contact with a minor. The subject was sentenced to 20 months imprisonment to be followed by 16 months supervised release with the special conditions noted on the facesheet of the petition.

On 11/17/2006, the subject's second term of supervised release commenced. Initially, he resided with an acquaintance and then moved to his brother's townhouse. He resided with his brother, sister-in-law, and their 19-year-old son.

The subject was referred to the Federal Drug Aftercare Program where he completed group counseling and was participating in individual counseling. He was also required to submit to random drug testing.

**Violation No. 1:  On 12/12/2006, the Subject Refused to Comply With Drug Testing:**

The subject received instructions via the vendor's prerecorded message to submit to a drug test scheduled for 12/12/06.

The subject is being charged with refusal to submit to drug testing as he was previously oriented to the drug testing protocol during the first term of supervision and oriented once more prior to participating in the drug testing program. He acknowledged that he fully understood the requirements of drug testing and submitted to drug testing on prior occasions.

When confronted with the missed test on 12/12/2006, the subject stated that he did not know what happened. He was reprimanded and instructed to begin noting all drug tests on a calendar.

While under supervision, the subject was also referred to sex offender treatment. He participated in a psychosexual evaluation and was participating in weekly therapy.

On 1/17/2007, the subject was hired as a line-server at the Subway in Kapolei. He has worked approximately 30 to 40 hours a week and has been employed almost 2 months with this employer.

Re:   **ABREGANA, Jay**
      **Criminal No. CR 01-00380HG-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

**Violation No. 2: The Subject Possessed and Accessed a Laptop Computer That has Access to Internet Services and Electronic Mail:**

On 3/13/2007, this officer conducted a home visit at the subject's residence. The subject was at work and his brother Jamie was home. During the home contact, a grey Dell Inspiron 1501 laptop was observed in the livingroom. When asked about the laptop, Jamie indicated that his mother had purchased the laptop for the subject a week ago. Jamie stated that the subject had been using the laptop. Further, the laptop had access to the internet and electronic mail (e-mail). Additionally, Jamie indicated that prior to receiving the laptop, the subject used his computer for job searches.

Because the subject is prohibited from possessing any computer, the laptop was subsequently taken from the residence. Additionally, the subject was contacted and asked for his e-mail address and password. The subject provided his e-mail address as jay05151970@yahoo.com and password as firestorm.

**Violation No. 3: The Subject Viewed Pornography Depicting Sexually Explicit Conduct as Defined in 18 U.S.C. § 2256(2):**

On 3/15/2007 and 3/16/2007, the subject's e-mail account was accessed. E-mails were viewed with the earliest date of 12/10/2006. Thirty-nine male nude photos were observed. Twenty-four of the images appear to depict sexually explicit conduct as defined in 18 U.S.C. § 2256(2). Specifically, the images depict males engaged in sexual intercourse, males engaged in masturbation, and the lascivious exhibition of male genetalia and their pubic area.

**Violation No. 4: That Subject Had Contact With Children Under the Age of 18 Without the Approval of the Probation Office:**

Additionally, the subject created a profile in www.buddiespace.com. His profile indicated that he was 14 years old and the picture in the profile was someone other than the subject. E-mails that had been sent by the subject to others were reviewed.

The following e-mail between the subject to bradnh14@yahoo.com was viewed, "Hi, got your messageon Hi5, i chat onyahoo as bradnh14 andI am 14 from keene, nh. Brad." In response, the subject wrote, "cool how far is hawaii from where you're at? i never travelled outside of hawaii...do you have any pictures of yourself or of anyone you'd like to trade? I'll trade anything you want and i also like to surf on my free time, we have about 25 feet waves everyday at waimea bay, north shore. what do you like to do on your free time?".

Re:   ABREGANA, Jay
      Criminal No. CR 01-00380HG-01
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

Three e-mails were sent from the subject to three minors on 3/11/2007. All these males identified themselves as minors in their profiles posted on www.buddiespace.com. In an e-mail from the subject to "thestuff3512," the subject wrote, "my name is jay and i live in hawaii where do you live? are you really 12? I'll be 15 soon yay! anyway do you have a girlfriend? what do you do for fun if you don't have a girlfriend?". The second e-mail to "soccer9" stated, "my name is jay and i live in hawaii where do you live? do you have a girlfriend? are you really 10?". The third e-mail to "adam" stated, "are you really 14? do you have a girlfriend?".

Despite the second opportunity on supervised release, the subject has demonstrated he has not benefitted from his past encounters with the Court, imprisonment, and treatment opportunities. The subject is incapable of abiding by the conditions ordered by the Court. The subject's past serious inappropriate sexual behavior coupled with his current behavior indicates the subject poses a danger to the community. We respectfully recommend that a no bail warrant be issued and that the subject be brought before the Court to answer why supervised release should not be revoked.

                                        Respectfully submitted by,

                                        /s/ Robin L. DeMello
                                        ─────────────────────────
                                        ROBIN L. DeMELLO
                                        Senior U.S. Probation Officer

Approved by:

/s/ Elizabeth A. Kerwood
─────────────────────────
ELIZABETH A. KERWOOD
Deputy Chief U.S. Probation Officer

RLD/pts

Re:  **ABREGANA, Jay**
     **Criminal No. CR 01-00380HG-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant consideration of additional conditions at this time.

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 27 2005

# United States District Court
## District of Hawaii

'05 JUN 27 P3:46

at  11  o'clock and  06  min.  A  M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA
v.
**JAY ABREGANA**
(Defendant's Name)

JUDGMENT IN A CRIMINAL CASE
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: **1:01CR00380-001**
USM Number: **88234-022**
**Shanlyn A.S. Park, AFPD**
Defendant's Attorney

**THE DEFENDANT:**

[✓] admitted guilt to violation of Special Conditions Nos. 1, 3 and 9, Standard Condition No. 3 and General Condition of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:   **5902**

Defendant's Residence Address:
**Kekuilani Street
Kapolei, Hawaii 96797**

Defendant's Mailing Address:
**Kekuilani Street
Kapolei, Hawaii 96797**

June 14, 2005
Date of Imposition of Sentence

_____
Signature of Judicial Officer

**HELEN GILLMOR**, United States District Judge
Name & Title of Judicial Officer

6.24.05
Date

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District Court, District of Hawaii
By _____ Deputy

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

CASE NUMBER: 1:CR00380-001
DEFENDANT: JAY ABREGANA

Judgment - Page 2 of 6

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | The subject refused to report for drug testing on 1/25/2005, 3/2/2005, 4/25/2005, and 5/25/2005 | |
| 2 | The subject failed to report for sex offender treatment on 1/26/2005 | |
| 3 | The subject failed to truthfully answer questions posed by the Probation Officer on 2/22/2005 and 5/17/2005 | |
| 4 | The subject admitted he used methamphetamine on 2/20/2005 | |
| 5 | The subject admitted that he had sexual contact with a minor in April, 2005 | |

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet I

Judgment - Page 2 of 6

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

CASE NUMBER: 1:CR00380-001
DEFENDANT: JAY ABREGANA

Judgment - Page 3 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 20 MONTHS.

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER:    1:CR00380-001
DEFENDANT:      JAY ABREGANA

Judgment - Page 4 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 16 MONTHS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[✔]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

CASE NUMBER: 1:CR00380-001
DEFENDANT: JAY ABREGANA

Judgment - Page 5 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. The defendant shall abstain from alcohol while on supervised release.

2. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

3. That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the internet, and shall not frequent places where the internet is available for public use without the prior approval of the Probation Office.

4. That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and internet services without the prior approval of the Probation Office.

5. That the defendant shall submit his person, residence, place of employment, or vehicle, computer discs, and other electronic storage media to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

6. The defendant may change his residence only with the advance approval of the Probation Office. If the defendant changes his residence without the prior approval of the Probation Office, the defendant shall be brought before the court.

7. The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), unless approved for treatment purposes, or frequent any place where such material or entertainment is available.

8. That the defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 without the approval of the Probation Office. The defendant shall not have contact with his son except in the presence of an adult who is aware of the nature of the defendant's offense as approved by the Probation Office.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:CR00380-001 | Judgment - Page 6 of 6 |
| DEFENDANT: | JAY ABREGANA | |

9. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_Jay Abregana_  10/20/06
Defendant                      Date

_Robin A. Nimillo_  10/20/06
United States Probation Officer   Date